UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH GOLDMAN,

                    Plaintiff,

        v.

TWENTY-FIRST CENTURY DEMOCRATS, and
KELLY YOUNG,

                    Defendants.

Civil Action No. 1:07-cv-02103-PLF

## DEFENDANTS' MOTION TO DISMISS

Defendants Twenty First Century Democrats and Kelly Young hereby move under Fed. Rules Civ. P. 12(b)(1) and (6) to dismiss the complaint. Plaintiff asks the Court to (a) denominate as a non-traditional religion the teachings of non-party Landmark Education, LLC (a for-profit company that provides personal and corporate training and development courses), (b) declare Defendant Young an adherent to a "Landmark Education religion," and (c) punish Defendants under circumstances where, but for the Court's rulings on religion, their conduct would be entirely lawful.  Plaintiff's requested relief would violate the First Amendment's ban on government-created religions (the "Establishment Clause") and its prohibition on government actions that impair the free exercise of religion (the "Free Exercise Clause"). Because the Court lacks jurisdiction to award such relief, and the requested relief would violate the Constitution, the complaint should be dismissed with prejudice.

        A memorandum of points and authorities in support of this motion and a proposed order are attached.

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Barry J. Reingold
    Barry J. Reingold, Bar No. 942086
BReingold@perkinscoie.com

Brian G. Svoboda, Bar No. 450081
BSvoboda@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
Telephone: 202.628.6600
Facsimile: 202.434.1690

*Attorneys for Defendants*
TWENTY-FIRST CENTURY DEMOCRATS
and KELLY YOUNG

January 28, 2008

## <u>DEFENDANTS' MOTION TO DISMISS</u>

I hereby certify this 28th day of January, 2008, that I served copies of the

foreging Defendants' Motion to Dismiss via e-mail and electronic service upon the party

listed below:

David Wachtel
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, DC 20009
(202) 745-1942

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Barry J. Reingold
    Barry J. Reingold, Bar No. 942086
BReingold@perkinscoie.com

Brian G. Svoboda, Bar No. 450081
BSvoboda@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
Telephone: 202.628.6600
Facsimile: 202.434.1690

*Attorneys for Defendants*
TWENTY-FIRST CENTURY DEMOCRATS
and KELLY YOUNG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH GOLDMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>TWENTY-FIRST CENTURY DEMOCRATS and<br>KELLY YOUNG,<br><br>              Defendants. | Civil Action No. 1:07-cv-02103-PLF |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Barry J. Reingold (Bar No. 06490)
Brian G. Svoboda (Bar No. 450081)
PERKINS COIE LLP
607 Fourteenth Street N.W.
Washington, D.C.  20005-2011
Telephone:  202.628.6600
Facsimile:  202.434.1690
breingold@perkinscoie.com
bsvoboda@perkinscoie.com

*Attorneys for Defendants*
TWENTY-FIRST CENTURY DEMOCRATS
and KELLY YOUNG

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 2

ARGUMENT ........................................................................................................... 5

A.   The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(l) Because the First Amendment to the U.S. Constitution Deprives the Court of Jurisdiction to Declare Landmark Education a Religion and Ms. Young an Adherent to that Religion ...................................................................... 6

   1.   Under Fed. R. Civ. P. 12(b)(l), plaintiff bears the burden of demonstrating this Court has jurisdiction ...................................... 6

   2.   A case must be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(l) when the relief requested would require the Court to adjudicate religious doctrine in violation of the Religion Clauses of the First Amendment ........................................................................... 8

      a.   Plaintiff's requested relief would violate the Establishment Clause ............................................................................. 9

      b.   Plaintiff's requested relief would violate the Free Exercise Clause ............................................................................. 10

B.   The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because the Relief Requested Would Violate the Religion Clauses of the United States Constitution ........................................................................................ 12

   1.   Plaintiff's requested relief would violate the Establishment Clause ............. 12

   2.   Plaintiff's requested relief would violate the Free Exercise Clause ............... 13

CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adair v. England*, 183 F. Supp. 2d 31 (D.D.C. 2002) ............................................................. 7

*Akinseye v. D.C.*, 339 F.3d 970 (D.C. Cir. 2003) ................................................................. 6

*Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003) .................. 9

*Austin v. Am. Ass'n of Neurological Surgeons*, 253 F.3d 967 (7th Cir. 2001) ................... 3, 12

*Baker v. Henderson*, 150 F. Supp. 2d 17 (D.D.C. 2001) ....................................................... 12

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .................................................... 9, 12

*Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419 .................................................................... 7, 8, 9, 10

*Burgess v. Rock Creek Baptist Church*, 734 F. Supp. 30 (D.D.C. 1990) .......................... 8, 9

*Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 2 F.3d 1514 (11th Cir. 1993) ......................................................................................... 8

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993) ................ 10

*City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651(6th Cir. 2005) .................................................................................................................... 3, 12

*Coalition for Underground Expansion v. Mineta*, 333 F.3d 193 (D.C. Cir. 2003) ............... 2, 7

*County of Allegheny v. A.C.L.U. Greater Pittsburgh Chapter*, 492 U.S. 573 (1989) ........... 10

*Cutter v. Wilkinson*, 544 U.S. 709 (2005) .......................................................................... 6

*D.C. Ret. Bd. v. United States*, 657 F. Supp. 428 (D.D.C. 1987) ....................................... 7

*EEOC v. Catholic Univ. of Am.*, 83 F.3d 455 (D.C. Cir. 1996) ......................................... 9

*EEOC v. Ithaca Indus.*, 849 F.2d 116 (4th Cir. 1988) ....................................................... 5

*EEOC v. Roman Catholic Diocese of Raleigh, N.C.*, 213 F.3d 795, 799 (4th Cir. 2000) ........................................................................................................................... 9

*Employment Division v. Smith*, 494 U.S. 872 (1990) ......................................................... 13

# TABLE OF AUTHORITIES

**Page**

*Erhard v. Comm'r*, 46 F.3d 1470 (9th Cir. 1995) ............................................................ 5

*Est of Hawaii v. Comm'r*, 71 T.C. 1067 (1979) ............................................................. 5

*Est v. Comm'r*, 52 T.C.M. (CCH) 920, 1986 WL 21739 (1986) ............................................ 5

*Estate of Thornton v. Caldor, Inc.*, 472 U.S. 703 (1985) .................................................. 11

*Everson v. Bd of Educ. of Ewing Twp.*, 330 U.S. 1, 40 (1947) ........................................ 8, 10

*Friedman v. S. Cal. Permanente Med. Group*, 102 Cal. App. 4th 39 (2002) .......................... 5

*Hernandez v. Comm'r, 490 U.S. 680 (1989)* ............................................................... 6

*Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96 (D.D.C. 2003) ................. 12

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ...................................... 6

*Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) .......................................... 12

*Larsen v. U.S. Navy*, 486 F. Supp. 2d 11 (D.D.C 2007) .............................................. 6, 7

*Larson v. Valente*, 456 U.S. 228 (1982) .................................................................. 13

*\*Lee v. Weisman*, 505 U.S. 577 (1992) .............................................................. 11, 13

*Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76 (D.D.C. 2006) ............................. 6

*\*Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) ............ 10, 12, 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...................................................... 7

*McClure v. Salvation Army*, 460 F.2d 553 (5th Cir. 1972) ............................................... 9

*McDaniel v. Essex Int'l. Inc.*, 696 F.2d 34 (6th Cir. 1982) .............................................. 6

*Minker v. Baltimore Annual Conference of United Methodist Church*, 894 F.2d 1354 (D.C. Cir. 1990) ............................................................................................... 9

*Ney v. Landmark Educ. Corp.*, 1994 WL 30973 (4th Cir. 1994) ........................................ 5

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................... 12

*\*Pardue v. Ctr. City Consortium Schs. of Archdiocese of Washington*, 875 A.2d 669 (D.C. 2005) ........................................................................................................ 9

# TABLE OF AUTHORITIES

Page

*Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006)..................................... 9

*Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36 (D.C. Cir. 2000)...................... 7

*\*Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440 (1969) ................................................8, 13

*Price v. Socialist People's Libyan Arab Jamahiriya*, 274 F. Supp. 2d 20 (D.D.C. 2003).............................................................................. 7

*Protos v. Volkswagen of Am.*, 797 F.2d 129 (3rd Cir. 1986)................................... 6

*Serbian Eastern Orthodox Diocese for the United States and Canada v. Milivojevich*, 426 U.S. 696 (1976).......................................................................... 8

*Shaffer v. Clinton*, 240 F.3d 878 (10th Cir. 2001) ...........................................3, 12

*\*Sherbert v. Verner*, 374 U.S. 398 (1963) ...............................................11, 13

*Simpson v. Wells Lamont Corp.*, 494 F.2d 490 (5th Cir. 1974)................................ 8

*Van Orden v. Perry*, 545 U.S. 677  (2005) ..................................................10

*Venters v. City of Delphi*, 123 F.3d 956  (7th Cir. 1997) .................................... 8

*\*Watson v. Jones,* 80 U.S. (13 Wall.) 679 (1871) ...........................................13

## Statutes

42 U.S.C. §§ 2000e-2000e-17.................................................................. 6

D.C. Code §§ 2-1401 – 2.1411.06............................................................1, 6

## Regulations and Rules

Fed. R. Civ. P. 12(b)(l) ............................................................... *Passim*

Fed. R. Civ. P. 12(b)(6) .............................................................. *Passim*

Defendants Twenty-First Century Democrats ("21st Century Democrats") and Ms. Kelly Young ("Ms. Young") respectfully submit this memorandum in support of Defendants' motion to dismiss the complaint, and each of the counts, under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

This is an employment discrimination case under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 – 2.1411.06. Plaintiff is the former communications director of Defendant 21st Century Democrats, an I.R.C. § 527 organization engaged in advocacy for progressive political candidates and incumbents. Defendant Young is 21st Century Democrats' former executive director.

Plaintiff alleges his termination by 21st Century Democrats was because of religious discrimination. Plaintiff, who is Jewish, does *not* contend that 21st Century Democrats fired him because of his faith, however. Rather, he contends that (a) Landmark Forum (actually Landmark Education, LLC.[1]), a for-profit company with its corporate headquarters in San Francisco, California, espouses a set of beliefs that have "religious characteristics and theological implications" to which Ms. Young adheres, (b) Landmark Education's beliefs, through Ms. Young, "infected" the workplace at 21st Century Democrats (affecting, for example, the manner in which Ms. Young edited plaintiff's written work product), and (c) plaintiff was fired because he would not adopt those beliefs.

For purposes of this motion, it is critical to note what this case is *not* about: it is *not a* case in which a party alleges that he or she adheres to a set of beliefs that constitute a non-traditional religion, and asks the court to recognize – and judicially *ratify* – those beliefs as a religion so the party may enjoy a legal benefit (for example, avoiding active military

---

[1] The operating entity for the Landmark Forum is Landmark Education LLC. Landmark Education, LLC. is owned by Landmark Education Enterprises, Inc., a Delaware corporation.

service, enjoying a tax exemption, or having standing to assert employment discrimination claims against the party's employer).

Here *none* of the parties claims to be an adherent to a non-traditional religion. Plaintiff is Jewish. Ms. Young is a practicing Unitarian. Instead, plaintiff asks this Court to rule that Landmark Education (a non-party to this case) is a religion, and that Ms. Young, *an adverse party*, is an adherent to that religion. Plaintiff then asks the Court to punish Ms. Young and 21st Century Democrats for conduct that, *but for the Court's rulings on religion*, would be entirely lawful.

Because granting such relief would violate the First Amendment's prohibition on the Establishment of Religion and its guarantee of Free Exercise, the Court lacks subject matter jurisdiction and should dismiss the case with prejudice under Fed. R. Civ. P. 12(b)(1). Because the complaint fails to state a claim for which relief may constitutionally be granted, the court should also dismiss it with prejudice under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Defendant 21st Century Democrats is a domestic political action committee organized and operating under the laws of the District of Columbia. Compl. ¶ 4. 21st Century Democrats engages in advocacy in support of progressive political candidates and incumbents. *See id.* ¶ 6. Defendant Young was the executive director of 21st Century Democrats at all times relevant to this litigation. *Id.* ¶ 5. Ms. Young is a practicing Unitarian and a member of the congregation of All Souls Church in Washington, D.C. Ex. A. (Young Decl.).[2] Plaintiff Kenneth Goldman was the communications director of 21st Century Democrats from April 2006 to December 2006. Compl. ¶ 3.

---

[2] Defendants offer Ms. Young's declaration for purposes of their Fed. R. Civ. P. 12(b)(1) motion. *See Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (in evaluating motion to dismiss under Fed. R. Civ. P. 12(b)(1), court may consider additional factual material without converting motion to dismiss into motion for summary judgment).

Plaintiff alleges 21st Century Democrats and Ms. Young fired him on the basis of religion. Specifically, he contends that he was terminated in violation of the DCHRA principles for refusing to adhere to beliefs espoused by Landmark Forum. *See, e.g.*, Compl. ¶¶ 1, 52-57, 60-61. Although plaintiff does not expressly describe Landmark as a religion, he claims that "Landmark and [its predecessor 'est'] have religious characteristics and theological implications. . . . Landmark and est tell participants how to live and address questions such as man's place in the universe, as well as problems related to grief, intimacy and addiction." *Id.* ¶ 10.

This is *not* how Landmark Education views itself, however. It is a for-profit company that provides personal and corporate training and development courses.[3] The company's website clearly defines the nature of the organization:

- "Landmark Education is a global educational enterprise offering The Landmark Forum and graduate courses that are innovative, effective, and immediately relevant. Landmark's leading-edge educational methodology enables people to produce extraordinary results and enhance the quality of their lives. Landmark Education's courses and seminars are offered in more than 125 cities via 51 major offices around the world. More than 160,000 people participate in Landmark's courses each year."[4]

- "Landmark Education is an employee-owned company."[5]

- "Landmark Education's methodology and the results it has produced make Landmark a leader and innovator in the field of training and development."

---

[3] Defendants request that the Court take judicial notice of Landmark Education's website. See *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 (6th Cir. 2005); *Shaffer v. Clinton*, 240 F.3d 878, 885 (10th Cir. 2001); *Austin v. Am. Ass'n of Neurological Surgeons*, 253 F.3d 967, 971 (7th Cir. 2001) (courts may take judicial note of reliable information on the internet). If the Court is not inclined to take judicial notice, defendants are providing this information in support of their Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

[4] Landmark Education, "About Us," *available at* http://www.landmarkeducation.com/menu.jsp?top=25 (last Visited Jan. 3, 2008).

[5] Landmark Education, "Fact Sheet," *available at* http://www.landmarkeducation.com/display_content.jsp?top=25&mid=260&bottom=309 (last visited Jan. 25, 2008).

The website explains that Landmark Education and its employees belong to professional organizations in the fields of education and management:

- "Landmark Education and its subsidiaries hold memberships in the following professional associations and organizations:  American Society for Training and Development; International Society for Performance Improvement; American Management Association; International Association for Continuing Education and Training; Academy of Management."[6]

Even more revealing are the contents of the Curriculum for Living program plaintiff cites:

- The Landmark Forum course syllabus includes sessions entitled "Already Always Listening," "The Hidden Power of Context", "The Vicious Circle," and "Rackets: The Payoff and the Cost."[7]

- "The Landmark Forum in Action promises attendees the course will "give[] you a vivid, practical, operational edge in converting problems to opportunities and opportunities to action – the real work of being alive."[8]

- The Advanced Course promises that attendees will "[g]ain power in dealing with day-to-day issues and upsets.  Be able to address them consistently, powerfully and effectively."[9]

- The Self-Expression and Leadership Program requires participants to design "a project that takes him or her into a community of people."  "Through this course, you will express your thinking and ideas effectively in a way that calls forth the alignment, cooperation, and partnership of others."[10]

---

[6] *Id.*

[7] Landmark Education, "The Landmark Forum in Action Series," *available at* http://www.landmarkeducation.com/display_content.jsp?top=21&mid=59&bottom=62 (last visited Jan. 25, 2008).

[8] Landmark Education, "The Landmark Forum in Action Series," *available at* http://www.landmarkeducation.com/display_content.jsp?top=22&mid=175&bottom=217 (last visited Jan. 25, 2008).

[9] Landmark Education, "The Advanced Course," *available at* http://www.landmarkeducation.com/display_content.jsp?top=22&mid=175&bottom=216 (last visited Jan. 25, 2008).

[10] Landmark Education, "The Self-Expression and Leadership Program," *available at* http://www.landmarkeducation.com/display_content.jsp?top=22&mid=175&bottom=216 (last visited Jan. 25, 2008).

- Other Landmark programs address issues like "The Game of Life" (including The Relationships Seminar – The Basics of Love, Romance and Partnership," and "Possibility" (including courses entitled "Sex and Intimacy – From Predicament to Possibility," "Money – from Concern to Freedom," and "Beyond Fitness – A commitment in Well-Being.")[11]

If these courses constitute religious teaching, so too does any course of study that addresses human performance and potential. Landmark Education offers the same type of instruction to corporate clients through Vanto Group, a wholly owned subsidiary of Landmark Education founded in 1993. Vanto's clients include Apple Computer, Glaxo Wellcome, Lockheed Martin Corporation, Mercedes Benz USA, Monsanto, National Aeronautics and Space Administration (NASA), Reebok International, U.S. Department of Health and Human Services and U.S. Department of the Navy.[12]

Judicial cases addressing Landmark Education (and its predecessors "est" and The Forum) have never described them as religious or suggested their principles are religious beliefs.[13]

## ARGUMENT

In employment discrimination cases involving nontraditional religions, plaintiff typically asks the court judicially to ratify plaintiff's professed belief that he or she adheres to a nontraditional religion and to either (a) protect the plaintiff from discrimination on that basis, or (b) accommodate the plaintiff's religious practices. *See Friedman v. S. Cal. Permanente Med. Group,* 102 Cal. App. 4th 39 (2002) (collecting state and federal cases). A

---

[11] Landmark Education, "Other Landmark Programs," *available at* http://www.lebd.com/.comotherlandmarkprograms.htm (last visited Jan. 25, 2008).

[12] Vanto Group, "Partial Client List," *available at* http://www.lebd.com/display_content.jsp?top=168 (last visited Jan. 25, 2008).

[13] *See, e.g., Ney v. Landmark Educ. Corp.,* 1994 WL 30973, *1 (4th Cir. 1994) ("est … The Forum" offers a "group therapy/self-improvement program"); *Erhard v. Comm'r,* 46 F.3d 1470, 1472 (9th Cir. 1995) ("est" offers "programs in personal effectiveness"); *Est v. Comm'r,* 52 T.C.M. (CCH) 920, 1986 WL 21739 (1986) ("est" an "educational corporation"); *Est of Hawaii v. Comm'r,* 71 T.C. 1067, at *1069 (1979) ("est" programs involve "intra-personal awareness and communication").

court may make such a determination without violating the Constitution's prohibition on the Establishment of Religion and its guarantee of Free Exercise — the court either ratifies plaintiff's beliefs as a nontraditional religion or refuses to do so.  However the Court rules, it is not establishing a religion, nor is it forcing that religion on a party in disregard of that party's wishes.  *Cf. EEOC v. Ithaca Indus.*, 849 F.2d 116 (4th Cir. 1988) (Title VII's (42 U.S.C. §§ 2000e-2000e-17) religious accommodation provision does not violate Establishment Clause); *Protos v. Volkswagen of Am.*, 797 F.2d 129 (3rd Cir. 1986), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074 (same); *McDaniel v. Essex Int'l Inc.*, 696 F.2d 34 (6th Cir. 1982) (same).[14]

Here, by contrast, Plaintiff seeks not judicial recognition of his own religion, but a court order that establishes a religion and forces it on Ms. Young.  His is an extraordinary request for relief.  It is also unconstitutional.[15]

**A.    The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(l) Because the First Amendment to the U.S. Constitution Deprives the Court of Jurisdiction to Declare Landmark a Religion and Ms. Young an Adherent to that Religion.**

**1.    Under Fed. R. Civ. P. 12(b)(l), plaintiff bears the burden of demonstrating this Court has jurisdiction.**

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 18 (D.D.C 2007) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

---

[14] The DCHRA, like the federal employment discrimination statute, Title VII 42 U.S.C. §§ 2000e-2000e-17, prohibits discrimination on the basis of religion. *See* D.C. Code §§ 2-1402.11(a), (c).  *But cf. Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 96 (D.D.C. 2006) (noting that DCHRA reasonable accommodation provision with respect to religious discrimination is more limited than its Title VII counterpart) *recons. Denied* 24 1 F.R.D. 15 (2007).

[15] *Cf. Hernandez v. Comm'r*, 490 U.S. 680, 698 n. 12 (1989) (noting that although provision of Internal Revenue Code did not violate Religion Clauses on its face, in a particular case, entanglement problems could arise); *Cutter v. Wilkinson*, 544 U.S. 709, 726 (2005) (holding that federal statute did not, on its face, violate the Establishment Clause but noting that "adjudication in as-applied challenges" would be appropriate under certain circumstances).

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Larsen*, 486 F. Supp. 2d at 18 (quoting *Akinseye v. D.C.*, 339 F.3d 970, 971 (D.C. Cir. 2003) (alterations in original)).

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(l), plaintiff bears the burden of proving the court has subject-matter jurisdiction before the case can proceed. *Larsen*, 486 F. Supp. 2d at 18 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *see also D.C. Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). In evaluating whether subject matter jurisdiction exists, the court need not accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See Adair v. England*, 183 F. Supp. 2d 31, 46 (D.D.C. 2002). Furthermore, when the defendant "challenges the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000); *Price v. Socialist People's Libyan Arab Jamahiriya*, 274 F. Supp. 2d 20 (D.D.C. 2003). Instead, the court may go beyond the pleadings and consider added factual information necessary to a ruling on the motion to dismiss. *Phoenix Consulting*, 216 F.3d at 40. Such action does not convert the motion to dismiss into a motion for summary judgment.

These rules apply with special force in cases raising First Amendment concerns. "[W]hen the First Amendment casts a shadow over the court's subject matter jurisdiction, the plaintiff is obliged to plead unqualified jurisdictional facts that clearly take the case outside the constitutional bar. There is no justifiable reason to make an [organization] answer a complaint, let alone go through discovery, unless a plaintiff specifically and unequivocally pleads all facts necessary to establish the court's jurisdiction." *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419, 430;

*see also Phoenix Consulting*, 216 F. 3d at 40[16] (when defendant challenges the factual basis of court's jurisdiction, court may not deny the Fed. R. Civ. P. 12(b)(l) motion "merely by assuming[ ]the facts alleged by the plaintiffs").

> **2.    A case must be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(l) when the relief requested would require the Court to adjudicate religious doctrine in violation of the Religion Clauses of the First Amendment.**

The First Amendment to the Constitution of the United States provides: "Congress shall make no law respecting establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. These "Religion Clauses," known respectively as the Establishment Clause and the Free Exercise Clause, together "embody 'correlative and coextensive ideas, representing only different facets of the single great and fundamental freedom [of religion].'" *Venters v. City of Delphi*, 123 F.3d 956, 969 (7th Cir. 1997) (quoting *Everson v. Bd of Educ. of Ewing Twp.*, 330 U.S. 1, 40 (1947) (Rutledge, J. dissenting)).

Fundamental to our nation's belief in the separation of church and state is the principle that civil courts are precluded from adjudicating cases where the court would violate the Religion Clauses by adjudicating matters of religious doctrine. For example, a long line of cases have held that "civil courts are barred by the First Amendment from determining ecclesiastical questions." *Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1537 (11th Cir. 1993) (quoting *Simpson v. Wells Lamont Corp.*, 494 F.2d 490, 493 (5th Cir. 1974).[17] Courts lack jurisdiction over disputes that involve

---

[16] *See also Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (Although "the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(l) on the complaint standing alone," "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

[17] *See also Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969) ("[T]he First Amendment severely circumscribes the role that civil courts may play in resolving church property disputes."); *Bible Way Church of Our*

church doctrine, organization or governance. *See, e.g., Pardue v. Ctr. City Consortium Schs. of Archdiocese of Washington*, 875 A.2d 669 (D.C. 2005) (holding that Free Exercise Clause deprived the trial court of subject matter jurisdiction over Catholic school principal's race discrimination and retaliation suit); *Bible Way Church*, 680 A.2d at 427 (dismissing, for lack of jurisdiction, negligent accounting claim that would have involved the court in an ecclesiastical dispute in violation of Free Exercise Clause); *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 704 (7th Cir. 2003) (affirming dismissal of minister's Title VII claims for lack of jurisdiction); *EEOC v. Roman Catholic Diocese of Raleigh, N.C.*, 213 F.3d 795, 799, 805 (4th Cir. 2000) (affirming 12(b)(l) dismissal of minister's sex discrimination and retaliation claims); *McClure v. Salvation Army*, 460 F.2d 553 (5th Cir. 1972) (affirming dismissal of minister's discriminatory and retaliatory salary, benefits and discharge claims for lack of jurisdiction).[18]

### a.    Plaintiff's requested relief would violate the Establishment Clause.

Just as civil courts lack jurisdiction to decide cases where their involvement would impermissibly interfere with church doctrine, organization or governance, they lack

---

*Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419, 427 (D.C. Ct. App. 1996) ("[C]ourts . . . must be careful not to violate the First Amendment by agreeing to resolve a controversy which, at its heart, concerns 'religious doctrine and practice.'"); *Burgess* v. *Rock Creek Baptist Church*, 734 F. Supp. 30, 31 (D.D.C. 1990) (court precluded from adjudicating church disputes "that require extensive inquiry into matters of 'ecclesiastical cognizance.'" (quoting *Serbian Eastern Orthodox Diocese for the United States and Canada v. Milivojevich*, 426 U.S. 696, 708-11 (1976)).

[18] The D.C. Circuit has not considered whether Rule 12(b)(l) is the proper mechanism for dismissing a suit where adjudication would violate the Religion Clauses, but it has repeatedly stated that such suits are "barred" and "precluded." *See EEOC v. Catholic Univ. of Am.*, 83 F.3d 455, 461, 470 (D.C. Cir. 1996); see also *Burgess*, 734 F. Supp. at 34 (deciding motion for summary judgment but framing case in jurisdictional terms, e.g., "the Court is precluded" from deciding the case because "[b]y its very nature; the inquiry which [the plaintiff] would have [the court] undertake into the circumstances of [her termination] . . . is an inquiry barred by the Free Exercise Clause"); *Minker v. Baltimore Annual Conference of United Methodist Church*, 894 F.2d 1354, 1357 (D.C. Cir. 1990) (granting Rule 12(b)(6) motion but noting that the Free Exercise Clause "preclude[d]" court's interference). Should this Court decline to view the issue as jurisdictional, the motion should be dismissed under Rule 12(b)(6). *See Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006) (dismissing university chaplain's Title VII suit under 12(b)(6)(6)) *cert. denied*, 127 S.Ct 2098 (2007.)

jurisdiction to decide cases where – as here – the *requested relief* would violate the First Amendment by judicially establishing religious doctrine. The "[c]ourt[] . . . must be careful not to violate the First Amendment by agreeing to resolve a controversy which, at its heart," would violate the Constitution. *See Bible Way Church*, 680 A.2d at 427.

Declaring Landmark Education a religion would violate the Establishment Clause by creating a religion where none exists – in fact, in contravention of a nonparty organization's own view of itself, its activities and its participants. "The 'establishment of religion' clause of the First Amendment means at least this: *Neither a state nor the Federal Government can set up a church.*" *County of Allegheny v. A.C.L.U. Greater Pittsburgh Chapter*, 492 U.S. 573, 591 (1989) (quoting *Everson*, 330 U.S. at 15-16)(emphasis added). Nor is the Court free to declare that "Landmark" – however defined constitutes Ms. Young's "personal religion" when Ms. Young has made no such claim.

Indeed, the nature of plaintiff's requested relief is so unusual – and so contrary to fundamental First Amendment guarantees – that this Court need not apply the traditional Establishment Clause test set forth in *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) (discussed below at 12-13), which determines whether facially neutral statutes and government actions violate the Establishment Clause. *See Van Orden v. Perry*, 545 U.S. 677, 686 (2005) ("Whatever may be the fate of the *Lemon* test in the larger scheme of Establishment Clause jurisprudence, we think it not useful in dealing with [this case] . . . . Instead, our analysis is driven both by the nature of the [alleged violation] and by our Nation's history.").

      **b.    Plaintiff's requested relief would violate the Free Exercise Clause**

Declaring Ms. Young to be an adherent to a "Landmark Education religion" would violate the Free Exercise Clause by impermissibly interfering with her "ability to observe the commands or practices of . . . her [own] faith." *See Church of the Lukumi Babalu Aye, Inc. v.*

*City of Hialeah*, 508 U.S. 520, 531-33 (1993), *superseded by statute*, Religious Freedom Restoration Act of 1993, P.L. 103-141, 107 Stat. 1488.

Ms. Young is, and has always been, a Unitarian. She is a member of the congregation of All Souls Church in Washington, D.C. *See* Ex. A (Young Decl.). Although Plaintiff asks the Court to punish allegedly discriminatory *conduct*, the Court cannot do so without first holding that Ms. Young adheres to a set of "Landmark Education" – based religious *beliefs*. If the Court ordered the relief Plaintiff seeks, Ms. Young would have to reconcile two faiths - the Unitarian religion of her choice and a "Landmark Education" religion defined by the Court and forced on her.

The Court lacks jurisdiction to impose such a burden on any American. The Free Exercise Clause prohibits "any governmental regulation of religious *beliefs* as such." *Sherbert v. Verner*, 374 U.S. 398, 402 (1963) (emphasis added). "Under the Religion Clauses," the Supreme Court has made clear, "government must guard against activity that impinges on religious freedom, and must take pains not to compel people to act in the name of any religion." *Estate of Thornton v. Caldor, Inc.*, 472 U.S. 703, 708 (1985). "The First Amendment's Religion Clauses mean that religious beliefs and religious expression are too precious to be either proscribed or prescribed by the State. The design of the Constitution is that preservation and transmission of religious beliefs and worship is a responsibility and a choice committed to the private sphere, which itself is promised freedom to pursue that mission." *Lee v. Weisman*, 505 U.S. 577, 590 (1992).

Because the relief Plaintiff seeks would require the Court to adjudicate matters of religious doctrine, the Court lacks jurisdiction and should dismiss the complaint under Fed. R. Civ. P. 12(b)(l).

**B.    The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because the Relief Requested Would Violate the Religion Clauses of the United States Constitution.**

Plaintiff's complaint is also defective under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Although a court should not dismiss a complaint under 12(b)(6) unless it fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal quotation marks omitted), the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint; nor must the court accept legal conclusions cast in the form of factual allegations, *see Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Moreover, on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may consider "matters of which the court may take judicial notice," *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001), including court records, *Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003), and reliable information published on the internet, *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 (6th Cir. 2005); *Shaffer v. Clinton*, 240 F.3d 878, 885 (10th Cir. 2001); *Austin v. Am. Ass'n of Neurological Surgeons*, 253 F.3d 967, 971 (7th Cir. 2001).  Considering such material does not convert the motion from one to dismiss into one for summary judgment. *Hinton*, 257 F. Supp. 2d at 100 n. 5.

**1.    Plaintiff's requested relief would violate the Establishment Clause**

Under *Lemon* courts undertake a three-part analysis to decide whether legislation or other government action violates the Establishment Clause.  "First, the statute [or challenged action] must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, finally, [it] must not foster 'an excessive government entanglement with religion.'"  403 U.S. at 612-13 (internal citation omitted).

Only if plaintiff satisfies all three criteria may the court uphold the statute or challenged government action.

The DCHRA, like Title VII, does not on its face violate *Lemon*. But the judicial relief requested by plaintiff would run afoul of *Lemon* in two critical ways: First, the principal effect of this Court's adjudication, should Plaintiff prevail, would be to declare a secular nonparty organization a religion. As discussed above (at 9-10), this would not just advance a religion, it would impermissibly create one. *See Lee,* 505 U.S. at 590 (government may not "establish an official or civic religion as a means of avoiding the establishment of a religion with more specific creeds").

Second, a court can engage in no more excessive entanglement with religion than creating a new one, then forcing it on a party. As early as 1871, the Supreme Court stated: "The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect." *Watson* v. *Jones,* 80 U.S. (13 Wall.) 679, 728 (1871); *see also Larson* v. *Valente,* 456 U.S. 228, 244-45 (1982) (describing Revolutionary era and goals of Framers of Constitution).

### 2.    Plaintiff's requested relief would violate the Free Exercise Clause

The Free Exercise Clause prohibits all governmental regulation of religious beliefs. "The door of the Free Exercise Clause stands tightly closed against any governmental regulation of religious beliefs as such. Government may neither compel affirmation of a repugnant belief nor penalize or discriminate against individuals or groups because they hold religious views abhorrent to the authorities . . . ." *Sherbert,* 374 U.S. at 402 (internal citations omitted). A valid and neutral law of general applicability may regulate conduct – even when that conduct is a form of religious practice. *Employment Division* v. *Smith,* 494 U.S. 872, 886 n.3 (1990) (O'Connor, J.). *But it cannot do so where, as here, that conduct would not be subject to regulation but for the court's rulings on matters of religious doctrine.*

*Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969) ("First Amendment values are plainly jeopardized [by] the resolution by civil courts of controversies over religious doctrine and practice."). As discussed above (at 6-11), no regulation of religion can be more offensive to First Amendment values than a court order defining religious doctrine and forcing it on a party.

CONCLUSION

Statutes barring religious discrimination in the workplace are important -- but they cannot be used to override the First Amendment by establishing religions where they do not exist and forcing them on parties who do not wish to embrace them. Because the Court lacks the power to adjudicate plaintiff's claim, the case should be dismissed under Rule 12(b)(1). Alternatively, because the Constitution bars the relief requested by the plaintiff, the court should dismiss under Rule (12)(b)(6).

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Barry J. Reingold
  Barry J. Reingold, Bar No. 942086
  BReingold@perkinscoie.com

Brian G. Svoboda, Bar No. 450081
BSvoboda@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
Telephone: 202.628.6600
Facsimile: 202.434.1690

Attorneys for Defendants
TWENTY-FIRST CENTURY DEMOCRATS
and KELLY YOUNG

# Defendant's Motion to Dismiss

## Exhibit A

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KENNETH GOLDMAN,

        Plaintiff,

   v.

TWENTY-FIRST CENTURY DEMOCRATS, et al.

        Defendants.

Civil Action No. 1:07-cv-02103-PLF

## DECLARATION OF KELLY YOUNG

I, Kelly Young, do hereby depose and state:

1.     I am 37 years old.

2.     I was raised as a member of the Unitarian Church.

3.     I am a practicing Unitarian, and a member of the congregation of All Souls Church in Washington DC.

4.     I have never practiced any other religion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2008.

                              Kelly Young / BJR

                              Kelly Young

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH GOLDMAN,

                Plaintiff,

    v.

TWENTY-FIRST CENTURY DEMOCRATS, and
KELLY YOUNG,

                Defendants.

Civil Action No. 1:07-cv-02103-PLF

## [PROPOSED ORDER] GRANTING MOTION TO DISMISS

       Having reviewed the record in this case in connection with Defendants' Motion to

Dismiss under Fed. Rules Civ. P. 12(b)(1) and (6), it is this ____ day of _____, 2008,

       ORDERED:

       1)     Plaintiff's Complaint for Declaratory, Injunctive, and Monetary Relief is

dismissed with prejudice;

       2)     The Clerk of the Court is directed to CLOSE this case.


                                         _____

                                         PAUL L. FRIEDMAN

                                         UNITED STATES DISTRICT JUDGE

**LIST OF PERSONS TO WHOM COPIES OF THE ORDER SHOULD BE E-SERVED**

David Wachtel
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
Tel.: (202) 754-1942
Fax: (202) 745-2627

*Attorney for Kenneth Goldman*

Served by e-mail, e-service, and first class
mail

Barry J. Reingold
Brian G. Svoboda
Perkins Coie LLP
607 Fourteenth Street N.W.
Suite 800
Washington, D.C.  20005-2011
Tel.: (202) 628-6600
Fax:  (202) 434-1690

*Attorneys for Defendants*

Respectfully submitted,

**PERKINS COIE LLP**


By: /s/ Barry J. Reingold
     Barry J. Reingold, Bar No. 942086
BReingold@perkinscoie.com

Brian G. Svoboda, Bar No. 450081
BSvoboda@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C.  20005-2011
Telephone:  202.628.6600
Facsimile:  202.434.1690

*Attorneys for Defendants*
TWENTY-FIRST CENTURY DEMOCRATS
and KELLY YOUNG

January 28, 2008