**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

KENNETH GOLDMAN,              )

            )

      Plaintiff,         )

            )

    v.             )

            )

TWENTY-FIRST CENTURY DEMOCRATS  )     Civil Action No. 1:07-cv-02103-PLF

_et al.,_             )

            )

      Defendants.        )

_____)


**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**
**IN OPPOSITION TO MOTION TO DISMISS**

David Wachtel  DC Bar # 427890
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009
(202) 745-1942

Attorney for Kenneth Goldman

DATE: February 11, 2008

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................ 1

II.   STATEMENT OF FACTS ................................................. 2

III.  STANDARD OF REVIEW ................................................ 4

IV.   SUMMARY OF ARGUMENT .............................................. 6

V.    ARGUMENT .......................................................... 7

      A.    This court has subject matter jurisdiction over this case .................... 7

            1.    Defendants mount only a facial challenge to subject matter jurisdiction
                  which means that this Court should give no weight to the additional
                  factual record they have submitted ............................. 7

            2.    This court has the power to identify practices as religious ............ 9

            3.    This Court can hear this case because Plaintiff has not asked for an
                  ecclesiastical ruling .......................................... 12

            4.    This Court can hear the case because neither Defendant is covered by the
                  ministerial exception ......................................... 13

            5.    Plaintiff seeks relief that will not establish or support a religion and will
                  not impose a religion upon anyone ............................. 14

      B.    Plaintiff has stated a claim of religious discrimination warranting relief ...... 16

            1.    On consideration of Defendants' Rule 12(b)(6) motion, this court should
                  ignore the affidavit and web-page excerpts that Defendants have
                  submitted. ................................................. 16

            2.    The Rule 12(b)(6) Motion Should be Denied for the Same Reasons Stated
                  in Opposition to the Rule 12(b)(1) Motion. ...................... 18

VI.   CONCLUSION ....................................................... 18

## TABLE OF AUTHORITIES

*Alvarado v. City of San Jose*, 94 F.3d 1223 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Arthur Young & Co. v. Sutherland*, 631 A.2d 354 (D.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Austin v. American Association of Neurological Surgeons*, 253 F.3d 967 (7th Cir. 2001) . . . . . 17

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . 2,5,16

*Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419 (D.C. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Browning v. Clinton*, 292 F.3d 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,16

*Burgess v. Rock Creek Baptist Church*, 235 (D.C. Cir. 2002) 734 F. Supp. 30 (D.D.C. 1990) . 13

*Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993) . . . . . . . . . . . . . 15

*Church of Scientology of California v. Commissioner*, 823 F.2d 1310 (9th Cir. 1987) . . . . 10,15

*City of Monroe Employees Retirement System v. Bridgestone Corporation*, 399 F.3d 651 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*EEOC v. Catholic University*, 83 F.3d 455 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,16

*Friedman v. S. Cal Permanente Med. Group*, 102 Cal. App. 4th 39 (2002) . . . . . . . . . . . . . . . . 9

*Haase v. Sessions*, 835 F. 2d 902 (D.C.Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

*Holt v. U.S.*, 43 F. 3d 1000 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*I.T. Consultants v. Pakistan*, 351 F.3d 1184 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . 5,16

*Landmark Education Corporation v. Cult Awareness Network, et al.*, No. 94L11478 . . . . . . . . 17

*Landmark Education Corporation v. Does 1 through 10*, Case No. CV797607 . . . . . . . . . . . . . 17

*Landmark Education Corporation v. Hachette Filipacchi Media Group, d/b/a Elle Magazine, et al.*, No. 98115873 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Landmark Education Corporation v. Pressman*, Case No. 989890 . . . . . . . . . . . . . . . . . . . . . 17

*Landmark Education Corporation v. the Conde Nast Publications, Inc., d/b/a Self Magazine, et al.*, No. 114814/93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Landmark Education LLC v. The Ross Institute, Rick Ross, et al.*, Civil Action No. 04-3022 (JCL) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,4,8

*Macharia v. U.S.*, 334 F. 3d 61 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36 (D.C. Cir. 2000) . . . . . . . . . . . 5,8

*Prakash v. American Univ.*, 727 F.2d 1174 (D.C. Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . 5,9

*Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Refahiyat v. U.S. Dept. of Justice*, 29 F.3d 553 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 10

*Sattar v. Motorola, Inc.*, 138 F.3d 1164 (7th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schaffer v. Clinton*, 240 F.3d 878 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Serbian Eastern Orthodox Diocese for the U.S. and Canada v. Milivojevich*, 426 U.S. 696 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*Settles v. U.S. Parole Comm.*, 429 F. 3d 1098 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . 5,8

*Shapolia v. Los Alamos National Laboratory*, 992 F.2d 1033 (10th Cir. 1993) . . . . . . . . . . . 9,10

*Sherr v. Northport-East Northport Union Free School Dist.*, 672 F.Supp. 81 (E.D.N.Y. 1987) . 10

*Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (DC Cir. 2000). . . . . . . . . . . . . . . . . . . . . 5,16

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707 (1981) . . . . . . . 10,11

*United States v. Seeger*, 380 U.S. 163 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*U.S. v. Myers*, 95 F.3d 1475 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Vinson v. Taylor,* 753 F.2d 141 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Warth v. Seldin,* 422 U.S. 490 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

*Welsh v. United States*, 398 U.S. 333 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*Young v. Southwestern Savings and Loan Association*, 509 F.2d 140 (5th Cir. 1975) . . . . . . . . 9

**Statutes**

**Regulations and Rules**

29 C.F.R. § 1605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KENNETH GOLDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TWENTY-FIRST CENTURY DEMOCRATS | ) | Civil Action No. 1:07-cv-02103-PLF |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**
**IN OPPOSITION TO MOTION TO DISMISS**

I.    INTRODUCTION

Plaintiff, Kenneth Goldman, filed this case after being wrongfully terminated by his

employer, Defendant Twenty-First Century Democrats and its then-Executive Director,

Defendant Kelly Young, because of religion and in violation of the District of Columbia Human

Rights Act.  Although Defendants have moved to dismiss under Rule 12(b)(1) and Rule 12(b)(6),

they do not question that Mr. Goldman has pled all the elements of his religious discrimination

claim.

Plaintiff's case is based on two principles: (1) an employer cannot lawfully fire an

employee for refusing to follow the boss's religion; and (2) the laws against religious

discrimination apply to all religions.  Defendants admit that both legal principles are well-

supported by law.  Defendants only make a jurisdictional argument.  According to the

Defendants, when a boss who follows a non-traditional religion fires an employee for rejecting

that religion, (thus involving both of these two stated legal principles in the same dispute), no court has jurisdiction to hear that otherwise valid claim.

Because no legal authority directly supports Defendants' argument, they have pieced together an argument from irrelevant doctrines and improper alterations to the language of the law and the Complaint. For example, Defendants take the inarguable proposition that to decide the case in Mr. Goldman's favor, this Court must eventually recognize that Defendants' observance of the practices of Landmark Education LLC ("Landmark") was religious in nature. Defendants then conflate "recognition" with an entirely distinct legal concept – "establishment." Next, Defendants stretch the meaning of the word "recognition" further and contend that if this Court "recognizes" that Landmark practices are religious practices it would be "forcing" the Defendants to practice that religion.

During the pendency of this case, and regardless of its outcome, Defendants are free and will be free to practice any faith they choose, or no faith at all. Defendants simply cannot fire employees because they choose not to follow that faith. For that reason, this Court should deny this motion.

II.    STATEMENT OF FACTS[1]

Mr. Goldman, who has substantial experience in media and communications at public interest groups, began work at Defendant Twenty-First Century Democrats on April 1, 2006. Complaint ¶¶ 18, 19. He quickly learned that Defendant Young followed the teachings of

---

[1] The Complaint is summarized here because upon review of motions under either Rule 12(b)(1) or 12(b)(6), the court accepts as true all material allegations of the complaint. *Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (reviewing dismissal for lack of jurisdiction).

Landmark and made it a key component in her management of the organization. Complaint ¶ 20. Landmark is the progeny of Erhard Seminars Training, Inc. ("est"). Complaint ¶ 7. Werner Erhard, who founded est, had a background in New Age practices and religions. *Id.* In est seminars, trainers told participants that they were responsible for creating their own lives. *Id.* Mr. Erhard reportedly told his trainees "in est training you are God" and other est trainers told trainees "man is the true God." *Id.*. One participant described an est seminar as filled with moans, sobs, whimpers and cries. *Id.* Similarly, Mark Lotwis, the Executive Vice President of Defendant Twenty First Century Democrats, described a Landmark seminar he attended as a "religious experience," a three-day course in which people stood up and cried. Complaint ¶ 25.

After public criticism, est changed its name several times, adopting its current name in 1993. Complaint ¶¶ 8, 9. Landmark, like est, tells participants how to live and addresses questions such as man's place in the universe, as well as problems related to grief, intimacy and addiction. Complaint ¶¶ 7, 10, 25.

At Twenty-First Century Democrats, Ms. Young and others urged employees to go to Landmark seminars. Complaint ¶ 23. She interjected Landmark teachings into staff meetings, telling her employees to "enroll in the possibilities." Complaint ¶ 22. Mr. Lotwis explicitly told Mr. Goldman that he "had a better chance," and that Ms. Young would "trust him more," if he would go to Landmark. Complaint ¶¶ 26, 39.

Mr. Goldman repeatedly responded that he was not interested in Landmark and did not want to be asked to participate in it. Complaint ¶¶ 27, 30. He protested when a woman hired by Ms. Young pressured a college-age intern to attend Landmark. Complaint ¶¶ 34, 35, 36. He also protested when he learned that Defendant Twenty-First Century Democrats was co-mingling

3

resources with Inspiring America, a venture Defendant Young established to spread Landmark teachings. Complaint ¶¶ 33, 38. In late Fall 2006, Mr. Lotwis told Mr. Goldman that Defendant Young was displeased by his refusal to attend Landmark events. Complaint ¶ 37.

On November 30, 2006, Defendants terminated Mr. Goldman's employment and the employment of the only other two employees who would not attend Landmark. Complaint ¶ 41. In contrast, none of the employees who attended Landmark were affected. Complaint ¶ 43. Defendant Young told Goldman that he was doing a wonderful job but the organization was out of resources. Complaint ¶ 42. Defendants quickly replaced Mr. Goldman, however, and the size of the staff of the organization actually grew after his departure. Complaint ¶ 44.

III.    STANDARD OF REVIEW

Plaintiff bears the burden of proof in responding to a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure may raise either a "facial" or a "factual" challenge to the non-moving party's claim of subject matter jurisdiction.[3]

If a defendant makes a "facial" challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party.[4]

---

[2] *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

[3] *See I.T. Consultants v. Pakistan,* 351 F.3d 1184, 1188 (D.C.Cir.2003); *Macharia v. U.S.* 334 F.3d 61, 64 (D.C. Cir. 2003); *Holt v. U.S,* 43 F.3d 1000, 1002 (10th Cir. 1995).

[4] *Lujan*, 504 U.S. at 561; *see I.T. Consultants v. Pakistan,* 351 F.3d at 1188.

If the defendant challenges the factual basis for jurisdiction, "the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant," but "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."[5] However, the plaintiff is "protected from an evidentiary attack on his asserted theory by the defendant."[6] The plaintiff must have "ample opportunity to secure and present evidence relevant to the existence of jurisdiction."[7]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all of the factual allegations in the complaint.[8] The court construes the complaint liberally in the plaintiff's favor and grants the plaintiff the benefit of all inferences that can be derived from the facts alleged.[9]

---

[5] *Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C.Cir.2000) (analyzing subject matter jurisdiction under Foreign Sovereign Immunities Act).

[6] *Warth v. Seldin,* 422 U.S. 490, 500-02 (1975); *Settles v. U.S. Parole Comm.*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Haase v. Sessions,* 835 F.2d at 902, 908 (D.C.Cir.1987).

[7] *Phoenix Consulting,* 216 F.3d at 40 *citing Prakash v. American Univ.,* 727 F.2d 1174, 1179-80 (D.C. Cir.1984); *see also Macharia,* 334 F.3d at 64 (noting plaintiffs had three months to conduct discovery on the jurisdictional question).

[8] *Erickson v. Pardus,* __ U.S. __, 127 S.Ct. at 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).

[9] *Kowal v. MCI Communications Corp.,* 16 F.3d at 1276; *see also Browning v. Clinton,* 292 F.3d at 242; *Sparrow v.United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000).

IV.    SUMMARY OF ARGUMENT

District of Columbia law protects employees against religious discrimination, including

discrimination by employers who try to dictate a faith to their employees.  This law applies

equally to all religions, the so-called traditional and non-traditional.

Defendants' position is that even if the facts show that Landmark, as practiced by the

Defendants, fits the legal definition of religion, this Court has no jurisdiction to find that it was

Defendants' religion.[10]  Defendants assert that exercising jurisdiction would violate both prongs

of the Constitutional freedom of religion.  But when a court recognizes that particular practices

or beliefs are religious, it is not approving of those practices, nor is it "establishing" a religion,

"creating" a religion, or "forcing" a religion on anyone.  *Compare* Def. Mem. At 6, 13.  This

Court has subject matter jurisdiction to make a threshold decision as to whether Landmark was a

religion for the Defendants at the time they fired Mr. Goldman.  And Plaintiff asks this Court for

no deeper entanglement in religion other than rendering of that plainly lawful threshold decision.

Defendants' argument, if accepted, would grant a special freedom to bosses who follow

non-traditional religions, allowing them to use their jobs to compel new adherents.  Having no

legal authority for that novel assertion, Defendants cite to various holdings stating the importance

of religious freedom, which tell this Court nothing about how to decide this matter.

Beneath these generalities, Defendants' core argument consists of citations to two

inapplicable doctrines: avoidance of ecclesiastical rulings and the ministerial exception.  One or

both of these might apply if the Complain named Landmark as a Defendant, or asserted that Mr.

---

[10]  *See* Exhibit B (Defendants deny putting any "jurisdictional facts" before the Court).

Goldman was a clergyman, or asked the Court to enjoin Landmark from certain practices. The Complaint does none of those things. Defendants also argue that a ruling for the Plaintiff would force Defendants to follow a faith involuntarily. But Defendants are free to follow any faith they choose, regardless of the result in this case.

For these reasons, this Court has jurisdiction to decide the case and the Complaint states a claim on which this Court may grant relief.

V.    ARGUMENT

    A.    The Court has subject matter jurisdiction.

        1.    Defendants mount only a facial challenge to subject matter jurisdiction which means that this Court should give no weight to the additional factual record they have submitted.

Defendants obscured whether their attack is facial or factual. In their brief, they ask the Court to decide the 12(b)(1) motion based upon additional information that they have submitted. Although Defendants left unchallenged nearly all of the factual allegations in the Complaint about the importance of Landmark in the Twenty-First Century Democrats workplace, their motion to dismiss incorporates ten (10) excerpts from Landmark web-sites and one (1) declaration, originally, and improperly, signed by defense counsel and later signed by Defendant Young.[11] The Court should deny Defendants effort to supplement the record at this stage for two reasons.

_____

[11] Def. Mem. at 3-5 (quoting from Landmark web-sites); Def. Ex. A (Declaration of Kelly Young).

First, the Supreme Court and the D.C. Circuit have held that allegations supporting jurisdiction are sufficient to withstand a motion to dismiss and that the plaintiff is protected against a factual attack from the defendant.[12]

Second, Defendants they now assert they are making only a facial challenge and deny that they have submitted any jurisdictional facts.   In their brief, Defendants asked this Court to consider this evidence in support of their motion.[13]  After receipt of the motion, Plaintiff asked for Defendants' consent to a discovery period concerning Defendants' attempt to supplement the factual record at this stage, as authorized by the holding in *Phoenix Consulting,* which Defendants cite.[14]  Defendants did not consent and asserted that "discovery is appropriate only when an adverse party has placed jurisdictional facts at issue," and stated "[d]efendants here haven't done so."[15]  Since Defendants admit that this additional information does not contain "jurisdictional facts" this Court should decide the motion assuming the allegations in the Complaint to be true and drawing all inferences in favor of the Plaintiff.[16]

---

[12]  *Lujan,* 504 U.S. at 561; *Warth,* 422 U.S. at 500-02; *Settles,* 429 F3d at 1107; *Haase,* 835 F.2d at 908.

[13]  Def. Mem. at 3 n.3 ("defendants are providing this information in support of their Fed. R. Civ. P. 12(b)(1) motion...."); *Id.* at7 (implying that defendants "challenge the factual basis of jurisdiction"); and *Id.* at 11 ("Ms. Young  is, and always has been, a Unitarian.").

[14]  Exhibit A, Letter from D. Wachtel to B. Reingold, February 1, 2008.

[15]  Exhibit B, Letter from B. Reingold to D. Wachtel, February 5, 2008.

[16]  *Lujan,* 504 U.S. at 561; *see I.T. Consultants v. Pakistan,* 351 F.3d at 1188.

In the alternative, however, if this Court is inclined to go beyond the pleadings Plaintiff requests an opportunity to take discovery on the nature and teachings of Landmark and Defendant Young's observance of those practices and any other faith.[17]

      2.      The Court has the power to identify practices as religious.

Defendants do not dispute either of Plaintiff's two core legal principles: (1) that an employee cannot be fired for refusing to follow his supervisor's religion; and (2) that this prohibition applies to all religions, not just what Defendants call "traditional." Defendants cite one of several cases holding that employees are legally protected from supervisors who would impose religion on them. [18] Defendants also do not dispute that a court may recognize a religion for purposes of deciding a discrimination case.[19] Indeed, Defendants exaggerate the weight of such recognition and suggest that when a plaintiff with a non-traditional religion brings a case, the court "*ratifies* a plaintiff's beliefs as a non-traditional religion or refuses to do so," which suggests that a court consents to or validates such a plaintiff's religion.[20]

While courts do not "ratify" beliefs, they do recognize them. Religion is dynamic, not static and so, recognizing new or different religions is a necessary for many government

---

[17] Even if this Court considers this evidence, converting Defendants Rule 12 motions to a summary judgment would be improper because dismissal for want of subject matter jurisdiction should be under Rule 12(b)(1) and without prejudice. *Prakash v. American University*, 727 F.2d 1174, 1181 (D.C. Cir.1984). Defendants acknowledges that conversion to a motion under Rule 56 would be improper. Def. Mem. at 2, n.2.

[18] Def. Mem. at 8 *citing Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997) (plaintiff alleged discrimination for failure to follow fundamentalist Christian faith), see *also Shapolia v. Los Alamos National Laboratory*, 992 F.2d 1033, 1037 (10th Cir. 1993) (same re: Mormon faith); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1169-1170 (7th Cir.1998) (same re: Islam); *Young v. Southwestern Savings and Loan Association*, 509 F.2d 140 (5th Cir. 1975) (atheist plaintiff objected to prayer led by Baptist minister).

[19] Def. Mem. at 6 *citing Friedman v. S. Cal Permanente Med. Group,* 102 Cal. App. 4th 39 (2002).

[20] *Id.* (emphasis supplied).

functions, including protecting individuals from discrimination, as well as taxation,[21] immigration,[22] prosecution,[23] and vaccination.[24]

Examples of the dynamic nature of religion include the Church of Scientology, which is only seventy (70) years old, and Mormonism, which is said to be one of the fastest growing religions in the United States, and is less than 200 years old. Because individuals and groups create and reshape religions, one court despaired that "attempting to define religion, in general and for the purposes of the Establishment Clause," is "a notoriously difficult if not impossible task."[25] Despite that difficulty, no one would assert that a Mormon boss could ever fire an employee for refusing to go to Mormon-sponsored services. *Shapolia v. Los Alamos National Laboratory* confirms that.[26]

The Supreme Court issued several decisions analyzing this "notoriously difficult" task in Vietnam-era conscientious objector cases.[27]   In these cases, the Court held that a belief can be

_____

[21]  *Church of Scientology of California v. C.I.R.,* 823 F.2d 1310 (9th Cir. 1987) (to qualify for tax exemption, church must show that it is organized and operated exclusively for religious or charitable purposes).

[22]  *Refahiyat v. U.S. Dept. of Justice, I.N.S.*, 29 F.3d 553 (10th Cir. 1994) (merely asserting one is aligned with a minority religion is not sufficient to establish prima facia case of "religious persecution" for purposes of asylum).

[23]  *U.S. v. Myers*, 95 F.3d 1475 (10th Cir. 1996) (holding that "Church of Marijuana," which the defendant claimed to have founded, was not a religion).

[24]   *Sherr v. Northport-East Northport Union Free School Dist.*, 672 F.Supp. 81 (E.D.N.Y. 1987) (parents' pantheistic beliefs, upon which they based opposition to mandatory inoculation of their children, were "religious" and children were exempt from New York statutorily mandated participation in inoculation program).

[25]   *Alvarado v. City of San Jose*, 94 F.3d 1223, 1227 (9th Cir. 1996).

[26]  992 F.2d 1033, 1037 (10th Cir. 1993).

[27]  *E.g., Thomas v. Review Bd. of Indiana Employment Security Div.,* 450 U.S. 707 (1981); *Welsh v. United States*, 398 U.S. 333 (1970) (plurality decision); *United States v. Seeger*, 380 U.S. 163 (1965).

religious even if it is not theistic.[28] A belief can be religious even if it not part of the tenets shared

by all members of a religious sect.[29] A belief can be religious even when the individual holding it

does not himself accept the label of "religion."[30]  And whether or not a belief is religious depends

upon a fact-specific review of whether the beliefs are religious in the individual's "own scheme

of things,"  meaning that the "central consideration in determining whether the registrant's beliefs

are religious is whether these beliefs play the role of a religion and function as a religion in the

registrant's life."[31]

The Equal Employment Opportunity Commission promulgated a guideline defining

religious practices on the Supreme Court's holdings in these conscientious objector cases.  The

guideline states that EEOC "will define religious practices to include moral or ethical beliefs as

to what is right and wrong which are sincerely held with the strength of traditional religions

views."  29 C.F.R. § 1605.1.[32]   Notably, the EEOC guideline is a single standard for classifying

practices as  "religious."  There are not separate standards for "employer practices" and

"employee practices."  The EEOC Guideline also is not theistic; it does not require belief in God

---

[28]  *Welsh*, 398 U.S. at 340.

[29]  *Thomas,* 450 U.S. at 715-716.

[30]  *Seeger*, 380 U.S. at 187; *Welsh*, 398 U.S. at 341.

[31]  *Welsh*, 398 U.S. at 339.

[32]  29 C.F.R. § 1605.1 states:

In most cases whether or not a practice or belief is religious is not at issue.  However, in those cases in which the issue does exist, the Commission will define religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views.  This standard was developed in *United States v. Seeger*, 380 U.S. 163 (1965) and *Welsh v. United States*, 398 U.S. 333 (1970). The Commission has consistently applied this standard in its decisions. [citations omitted]

11

or a Supreme Being.  The EEOC Guideline is persuasive authority here, because in D.C. Human

Rights Act cases, the courts generally follow interpretations of the federal anti-discrimination

laws.[33]

Courts recognize religions for a number of purposes.  The Supreme Court has set out a

legal standard, as has the E.E.O.C.   Defendants do not identify any way in which the

Complaint's allegations concerning Defendant Young's adherence to Landmark falls short of

these legal standards.   This Court can recognize the religious nature of Landmark without

violating the Establishment Clause.

        3.     This Court can hear this case because Plaintiff has not asked for an
ecclesiastical ruling.

Although the Establishment Clause places limits on a court's power to decide cases

affecting religious parties, the Complaint in this case does not test any of those limits.

Defendants rely on several inapposite cases in which courts declined jurisdiction on

Establishment Clause grounds to avoid making "ecclesiastical rulings."  For example, in

*Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*,

ownership of property depended on interpretation of religious doctrine and divining which of the

parties was faithfully following religious doctrine.[34]  In *Serbian Eastern Orthodox Diocese for the*

*U.S. and Canada v. Milivojevich*, the plaintiff sought to have himself declared the true Diocesan

---

[33] *Arthur Young & Co. v. Sutherland*, 631 A.2d 354 (D.C. 1993) ("This court has 'often looked to cases construing Title VII ... to aid us in construing the [DCHRA]" because "[t]he anti-discrimination provisions of both statutes are substantially similar") (citations omitted); *Vinson v. Taylor,* 753 F.2d 141 (D.C.Cir.1985) (D.C. Circuit "attach[es] considerable weight to [EEOC's] interpretation").

[34] *Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440 (1968) *cited in* Def. Mem. at 7 n.17, 13.

bishop.[35]  And in *Burgess v. Rock Creek Baptist Church,*, an individual who had lost her church membership because of a disagreement sued to get it back.[36]   Ultimately, the courts did not decide any of these cases because to do so they would have to unravel conflicting arguments concerning what the religion requires, how it has been followed, and how it must be followed in the future. In each case, however, the court made a threshold decision that the case involved religion, so that it could rule on whether that abstention is necessary.

Here, in contrast, the "ecclesiastical decision" doctrine does not apply because Plaintiff does not ask this Court to rule on whether Defendants correctly followed Landmark teachings, or whether Landmark teachings dictated that he should not have been fired.  Plaintiff does not ask this Court to interfere in the business and practices of Landmark.  Plaintiff only asks that this Court recognize the underlying religious nature of the practices of Landmark, as Defendants imposed them on the Twenty-First Century Democrats staff.  That this Court has the power to do.

4.    This Court can hear the case because neither Defendant is covered by the ministerial exception.

Defendant also base their argument on several cases in which courts have declined jurisdiction over employment claims by clergy because such claims could affect a church's right to choose its own ministers.[37]  This defense is an off-shoot of the "ecclesiastical decision" doctrine

---

[35]  *Serbian Eastern Orthodox Diocese for the United States and Canada v. Milivojevich*, 426 U.S. 696 (1976) *cited in* Def. Mem. at 8 n. 17.

[36]  *Burgess v. Rock Creek Baptist Church,* 734 F.Supp. 30 (D.D.C. 1990) (declining jurisdiction over dispute which depended on interpreting the Rock Creek Baptist Church membership rules) *cited in* Def. Mem. at 8, 9.

[37]  Def. Mem. At 8-9, n. 18.

13

known as the "ministerial exception."[38]  The ministerial exception precludes civil courts from

adjudicating employment discrimination suits by ministers against the church or religious

institution employing them.[39]

Although Defendants seek protection of the ministerial exception cases, they try to hide

that the exception only applies to employers that are religious organizations and then only in the

cases of those employed in a spiritual capacity.  In *Bible Way Church of Our Lord Jesus Christ of

the Apostolic Faith of Washington, D.C. v. Beards*, the D.C. Court of Appeals held in pertinent

part that "a church" should not have to answer a complaint "unless a plaintiff specifically and

unequivocally pleads all facts necessary to establish the court's jurisdiction."[40]  In their brief,

Defendants repeat this quote from *Bible Way* but improperly substitute the  word "organization"

for the word "Church."[41]  That is not the law, instead for the ministerial exception to apply,

Defendants would have to be churches or religious organizations *and* Mr. Goldman would have to

be a disgruntled clergyman or teacher of canon law.  Neither has been alleged.  The ministerial

exception does not apply.

> 5.    Plaintiff seeks relief that will not establish or support a religion and will not
>        impose a religion upon anyone.

Defendants assert that Plaintiff requests relief that would establish a religion or impinge on

their free exercise of religion but they never quote from or even describe the relief actually sought

---

[38]  *EEOC v. Catholic University,* 83 F.3d 455, 461 (D.C. Cir. 1996).

[39]  *Id.*

[40]  *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680
A.2d 419, 430 (D.C. 1996).

[41]  See Def. Mem. at 7 citing *Bible Way*, 680 A.2d at 430.

14

in the Complaint. *See* Def. Mem. at 9-10. Nothing in Plaintiff's prayer for relief would establish a religion or diminish Defendants' religious freedom.[42]

Plaintiff seeks a declaration that Defendants discriminated against him because of religion, an injunction prohibiting them from so discriminating against any other employees, and various forms of monetary relief available under the D.C.H.R.A.

Critically, Plaintiff does not ask this Court to compel Defendants to continue following Landmark, nor does he ask this Court to restrain them from doing so. Defendants incorrectly assert that this Court's ruling would interfere with their freedoms just as regulations adopted in Clearwater, Florida interfered with Church of Scientology financing and fund-raising in .[43]   But Landmark is not a party and Plaintiff seeks no relief affecting it. Finally, Defendants assert that granting Plaintiff relief would impinge on their free exercise rights as, for example, a ban in Hialeah, Florida on animal sacrifice rituals impinged on the rights of a Santeria congregation.[44] But Defendants fail to identify a single religious ritual or practice of theirs that would be affected by the requested relief. This is particularly noteworthy because Defendants took the unusual step of submitting a declaration from Defendant Young. In that declaration, she claims she is a Unitarian but says nothing about her Landmark activities. Defendants have submitted factual information in support of their motion to dismiss, and resist opening up this information to the

---

[42]  Docket No. 1, Complaint, pp. 14-15.

[43]  *Church of Scientology Flag Service Org. Inc. v. City of Clearwater,* 2 F.3d 1514 ,1537 (11th Cir. 1993).

[44]  Def. Mem. At 10 *citing Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 531-33 (1993) *superseded by statute,* Religious Freedom Restoration Act of 1993, P.L. 103-41, 107 Stat. 1488.

discovery process, but still the assertion that relief will impinge on their religious freedoms has no support in fact.

B.       Plaintiff has stated a claim of religious discrimination warranting relief.

To withstand a Rule 12(b)(6) motion to dismiss, the Plaintiff must provide the grounds of his entitlement to relief, and furnish "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action."[45] Defendants do not contend that Plaintiff failed to plead sufficiently even a single elements of his religious discrimination claim. Defendants' only arguments in support of the Rule 12(b)(6) motion are a repetition of their subject matter jurisdiction argument.

1.       On consideration of Defendants' Rule 12(b)(6) motion, this Court should ignore the affidavit and web-page excerpts that Defendants have submitted.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court accepts as true all of the factual allegations in the complaint.[46]  This Court construes the complaint liberally in the plaintiff's favor and grants the plaintiff the benefit of all inferences that can be derived from the facts alleged.[47]  In defiance of this standard, Defendants ask this Court to consider what they call "reliable information published on the internet."[48]  By this, Defendant apparently refers to ten quotations from the Landmark web-site.   Plaintiff questions whether

---

[45] *Erickson*, 127 S.Ct. at 2197; *Twombly,* 127 S.Ct. at 1964-65;  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002).

[46] *Erickson,* 127 S.Ct. at 2200;  *Twombly,*127 S.Ct. at 1965.

[47] *Kowal v. MCI Communications Corp.,* 16 F.3d at 1276; *see also Browning v. Clinton,* 292 F.3d at 242; *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C.Cir.2000).

[48] Def. Mem. At 12.

unsworn advertising should ever be taken as evidence, particularly at the motion to dismiss stage.[49]

It would be particularly inappropriate here, because many sources describe Landmark as neither secular nor benign.   Landmark has made a practice of filing suits to harass and silence its critics.[50]  Despite that, the Parliamentary Commission on Cults in France and commentators have variously identified Landmark as a cult, a sect, or as having "religious implications" or "theological implications."[51]   Despite its leaders adamancy that it is not a religion, Landmark is included in New Religions: A Guide.[52]  Plaintiff does not suggest that this Court take judicial notice of these lawsuits, texts, and internet information to make a final decision now on the

---

[49]  None of the cases Defendant cites so hold.  See e.g. City of Monroe Employees Retirement System v. Bridgestone Corporation, 399 F.3d 651 (6th Cir. 2005) (taking judicial notice in a securities case that the "over-the-counter" market is an American market for foreign-issued securities not traded on any domestic stock exchange); Schaffer v. Clinton, 240 F.3d 878 (10th Cir. 2001) (taking judicial notice of the fact that the percentage voting for a United States Congressman increased each time he ran for reelection); Austin v. American Association of Neurological Surgeons, 253 F.3d 967 (7th Cir. 2001) (noting, as "an aside," but not taking judicial notice of, web pages that were not produced as evidence).

[50]  See e.g., Landmark Education Corporation v. Cult Awareness Network, et al., No. 94L11478, filed in the Circuit Court of Cook County, Illinois; Landmark Education Corporation v. Does 1 through 10, Case No. CV797607, filed in the Superior Court of California, County of Santa Clara; Landmark Education Corporation v. Hachette Filipacchi Media Group, d/b/a Elle Magazine, et al., No. 98115873, filed in the Supreme Court of the State of New York, County of New York; Landmark Education Corporation v. Pressman, Case No. 989890, filed in the Superior Court of the State of California for the City and County of San Francisco; Landmark Education Corporation v. the Conde Nast Publications, Inc., d/b/a Self Magazine, et al., No. 114814/93, filed in the Supreme Court of the state of New York, County of New York; Landmark Education LLC v. The Ross Institute, Rick Ross, et al., Civil Action No. 04-3022 (JCL), filed in the District Court for the District of New Jersey. The litigation history of Landmark is summarized in P. Skolnick, Esq. & M. Norwick, Esq., Introduction to the Landmark Education litigation archive, http://www.rickross.com/reference/landmark/landmark193.html (accessed February 5, 2008).

[51]  See e.g., http://en.wikipedia.org/wiki/Landmark_Education_and_the_law (last visited February 8, 2008); http://en.wikipedia.org/wiki/Landmark_Forum (Last visited Feb. 8, 2008)("Paul Derengowski, formerly of the Christian cult-watch group Watchman.org, states that Landmark "has theological implications." The Apologetics Index (an online Christian ministry providing research resources on what it considers cults, sects, other religious movements, doctrines, and practices) maintains a page on Landmark"); John Ankerberg and John Weldon's Encyclopedia of New Age Beliefs, p. 298 (1996) (describing Landmark as "a world view having religious and philosophical beliefs and implications").

[52]  C. Partridge, edit., New Religions: A Guide, pp. 406-07 (2004).

nature of Landmark, but only suggests that this information underscores the need for discovery

on this issue before this Court simply relies on Landmark own, unsworn, descriptions of its

practices.

      2.      The Rule 12(b)(6) Motion Should Be Denied for the Same Reasons Stated
             in Opposition to the Rule 12(b)(1) Motion.

For the reasons asserted above in opposition to the motion to dismiss for lack of subject

matter jurisdiction, this Court should also deny Defendants's motion under Rule 12(b)(6).

VI.    CONCLUSION

For the foregoing reasons, the Court should deny the motion to dismiss in its entirety.

                    Respectfully submitted,

                    /s/ David Wachtel

                    David Wachtel  DC Bar # 427890
                    Bernabei & Wachtel, PLLC
                    1775 T Street, N.W.
                    Washington, D.C. 20009
                    (202) 745-1942

                    Attorney for Kenneth Goldman

LAW OFFICES

## BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C.  20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT +
EMILY READ
SASHA SAJOVIC +
TARA JENSEN ✦

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

+ADMITTED IN MD ALSO
✦ADMITTED IN NY ONLY

By Telecopier & First Class Mail
February 1, 2008

Barry Reingold, Esquire
Perkins Coie
607 Fourteenth Street, N.W.
Washington DC, 20005-2011

Re:     Kenneth Goldman v. Twenty-First Century Democrats
        Civil Action No. 07-cv-2103 (PLF)

Dear Barry:

This letter confirms the question I asked you regarding discovery related to the motion to dismiss during our telephone conversation on Wednesday, January 30, 2008.

Several of the authorities cited in Defendant's brief make it quite clear that a plaintiff is entitled to discovery before the Court decides a Rule 12(b)(1) motion based on evidence outside of the complaint itself. *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) holds that "The district court retains 'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction,' but it must give the plaintiff "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Id. citing Prakash v. American University*, 727 F.2d 1174, 1179-80 (D.C. Cir.1984). *Pardue v. Ctr. City Consortium Schs. Of Archdiocese of Washington*, 875 A.2d 669 (D.C. 2005) also recites that the plaintiff in that case had the opportunity to take "substantial, but limited, discovery."

Our position, which we will file in opposition to the motion to dismiss, is that at this stage the Court should not consider the evidence proffered by Defendants (the Landmark website and the Kelly Young declaration), because the First Amendment defenses proffered by the Defendants do not apply here. However, should the Court believe that it is necessary to determine, at this early stage, whether Landmark fits the definition of a religion, it should grant Plaintiff ninety (90) days to take discovery related to that question. I had considered asking for only sixty (60) days, to minimize delay of a trial in this matter, but because we may need to take discovery from Landmark, a non-party that may raise objections of its own, I believe that ninety (90) days is realistic.

Please let me know Defendants' position on this request by close of business on Tuesday, February 5. We intend to file a separate motion for discovery, apart from our opposition to the motion to dismiss, and I want to be able to let the Court know whether the motion is contested.

EXHIBIT A

Barry Reingold, Esquire
February 1, 2008
Page 2

Thank you in advance for your cooperation.

Sincerely,

David Wachtel
Attorney for Kenneth Goldman

cc:    Mr. Kenneth Goldman (By First Class Mail)



607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

Barry J. Reingold
PHONE: (202) 434-1613
FAX:    (202) 654-9141
EMAIL: BReingold@perkinscoie.com

February 5, 2008

*VIA FACSIMILE (202) 745-2627*
*AND FIRST CLASS MAIL*

David M. Wachtel, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, DC  20009-7139

    *Re:    Kenneth Goldman*

Dear David:

    This responds to your letter of February 1, 2008, in which you ask defendants to agree to discovery to respond to defendants' Fed. R. Civ. P. 12(b)(1) motion. You contend plaintiff has a right to discovery whenever defendant challenges subject matter jurisdiction. That is incorrect. The cases you cite suggest jurisdictional discovery is appropriate only where an adverse party has placed at issue jurisdictional *facts* (for example, the existence of diversity jurisdiction). Defendants here haven't done so.

    We contend that, as a matter of law, the First Amendment's Religion Clauses deprive the Court of jurisdiction to order the relief plaintiff seeks. That would be true under any set of facts plaintiff might establish through discovery. Indeed, discovery along the lines you suggest – a court-ordered investigation of Ms. Young's "true" religious faith– would itself infringe her Free Exercise rights and provide a basis for an interlocutory appeal to the United States Court of Appeals for the District of Columbia Circuit.

17928-0006/LEGAL13939970.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliate

EXHIBIT B

David M. Wachtel, Esq.
February 5, 2008
Page 2

For these reasons, we can't agree to plaintiff's proposed jurisdictional discovery.

Very truly yours,

Barry J. Reingold
*Attorney for Defendants*

BJR:jas

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH GOLDMAN, )<br><br>      Plaintiff, )<br><br>   v. )<br><br>TWENTY-FIRST CENTURY DEMOCRATS )<br>*et al.,* )<br><br>      Defendants. ) | Civil Action No. 1:07-cv-02103-PLF |

## ORDER

Defendants, Twenty-First Century Democrats and Kelly Young, have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, 12(b)(6). Plaintiff has opposed this motion.  Upon consideration of the arguments of the parties and the entire record in this case, it is:

**ORDERED,** that Defendants' motion is denied.

_____
U.S. District Court Judge


_____
Date