UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH GOLDMAN,<br><br>        Plaintiff,<br><br>v.<br><br>TWENTY-FIRST CENTURY DEMOCRATS, and KELLY YOUNG,<br><br>        Defendants. | Civil Action No. 1:07-cv-02103-PLF |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

**PERKINS COIE LLP**

Barry J. Reingold, Bar No. 942086
BReingold@perkinscoie.com

Brian G. Svoboda, Bar No. 540081
BSvoboda@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C. 20005
Telephone: 202.628.6600
Facsimile: 202.434.1690

*Attorneys for Defendants*
TWENTY-FIRST CENTURY
DEMOCRATS
and KELLY YOUNG

# TABLE OF CONTENTS

I. ARGUMENT ................................................................................................................. 1

    A. No precedent supports the extraordinary judicial entanglement with religion that plaintiff requests. ................................................................. 1

    B. Fundamental principles of the Religion Clauses and long-standing precedent require dismissal .................................................................... 3

    C. Discovery would not supply subject matter jurisdiction or state a viable claim .............................................................................................. 6

II. CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

Federal Cases

Coal. for Underground Expansion v. Mineta, 333 F.3d 193 (D.C. Cir. 2003) .................... 6
*Estate of Thornton v. Caldor Inc., 472 U.S. 703 (1985) ..................... 3
Larsen v. U.S. Navy, 486 F. Supp. 2d 11 (D.D.C. 2007) ..................... 6
*Lee v. Weisman, 505 U.S. 577 (1992) ..................... 3
Lemon v. Kurtzman, 403 U.S. 602 (1971) ..................... 4
Sattar v. Motorola, Inc., 138 F.3d 1164 (7th Cir. 1998) ..................... 2
Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033 (10th Cir. 1993) ..................... 2
Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp. 81 (E.D.N.Y. 1987) ..................... 2, 7
United States v. Meyers, 95 F.3d 1475 (10th Cir. 1996) ..................... 2, 3, 7, 8
United States v. Seeger, 380 U.S. 163 (1965) ..................... 2
Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997) ..................... 2
Welsh v. United States, 398 U.S. 333 (1970) ..................... 2
Young v. Southwestern Savings and Loan Association, 509 F.2d 140 (5th Cir. 1975) ..................... 2

State Cases

*Bible Way Church of Our Lord Jesus Christ of Apolistic Faith of Wash. D.C. v. Beards, 680 A.2d 419 (D.C. 1996) ..................... 4

Federal Statutes

28 U.S.C. § 1292(b) ..................... 1

Federal Rules

Federal Rule of Civil Procedure 12(b)(1) ..................... 6, 8
Federal Rule of Civil Procedure 12(b)(6) ..................... 6, 8

Federal Regulations

29 C.F.R. § 1605.1 ..................... 2

Plaintiff's opposition to defendants' motion highlights—rather than refutes—the extraordinary and unconstitutional nature of the relief plaintiff seeks. Plaintiff asks this Court to (a) declare a for-profit, nonparty entity (Landmark Education) a religion, (b) declare an adverse party (Ms. Young) an adherent of that religion, and (c) punish defendants for alleged conduct that, but for this Court's findings on religion and its assignment to Ms. Young, would be lawful. But plaintiff cites not a single case where a court has done what he asks this Court to do. Indeed, he cannot identify a case where anyone has even requested such action.

The novelty of plaintiff's claim makes this a case of first impression. But principles central to the U.S. Constitution and over two centuries of Supreme Court case law compel dismissal. If this Court concludes otherwise, defendants respectfully ask it to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b).

## I. ARGUMENT

### A. No precedent supports the extraordinary judicial entanglement with religion that plaintiff requests.[1]

If the Religion Clauses mean nothing else, they mandate that an American citizen's religion is a matter of personal private choice. The point at which a citizen's personal beliefs, values and principles may be regarded as a religion is constitutionally litigable only when the citizen chooses to place those beliefs at issue. This is not such a case.

---

[1] As a threshold issue, plaintiff contends that defendants "do not question that Mr. Goldman has pled all the elements of his religious discrimination claim." Pl.'s Opp'n 1. That is wrong. First, defendants vigorously contest the central allegations of the complaint, but such disputes are inappropriate at this stage and unnecessary for resolution since the facts as alleged, even if true, do not support a claim for the reasons set forth in the opening brief and herein. Second, as defendants noted in their opening brief (at 3), plaintiff has not alleged that Landmark Education is a religion. He claims only that "Landmark and [its predecessor 'est'] have religious characteristics and theological implications." Compl. ¶ 10. Plaintiff does not assist the Court by obfuscating his position about Landmark Education's legal status.

Plaintiff cites not a single case where a court has taken the action he demands, and defendants are aware of no such case. Rather, the cases on which plaintiff relies all involve either (a) a plaintiff's attempt to validate his own nontraditional religion, sometimes unsuccessfully, as in the Church of Marijuana case, <u>United States v. Meyers, 95 F.3d 1475 (10th Cir. 1996)</u>, or (b) a plaintiff's refusal to adopt an employer's avowed religion, as in <u>Young v. Southwestern Savings and Loan Association, 509 F.2d 140 (5th Cir. 1975)</u>.[2] None of these cases involved the fundamental question presented here: whether an organization with which an employer was associated could be deemed a "religion" by the Court pursuant to an employee's claim that it should be so categorized - notwithstanding both the organization's and the employer's belief that the organization was not a religion.

Plaintiff's reliance on the conscientious objector cases, <u>Welsh v. United States, 398 U.S. 333 (1970)</u>, and <u>United States v. Seeger, 380 U.S. 163 (1965)</u>, is similarly misplaced. See Pl.'s Opp'n 10-11. Seeger and Welsh both put their own beliefs at issue and asked the court to recognize their beliefs as qualifying them for the religious exemption from the draft. In neither case was a court asked to find an adverse party an adherent of a non-traditional religion. See also <u>Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp. 81 (E.D.N.Y. 1987)</u> (parents asked court to recognize their pantheistic views so as to invoke protections of First Amendment and exempt their children from inoculation), cited in Pl.'s Op. 10 n.24.

For the same reason, the EEOC guidelines on which plaintiff relies are inapposite. See Pl.'s Opp'n 11-12. The guidelines are based on Welsh and Seeger, see <u>29 C.F.R.</u>

---

[2] See also <u>Sattar v. Motorola, Inc.</u>, 138 F.3d 1164 (7th Cir. 1998) (supervisor was an openly devout Muslim but plaintiff failed to link his discharge to supervisor's religious harassment); <u>Venters v. City of Delphi</u>, 123 F.3d 956 (7th Cir. 1997) (employer was an avowed born-again Christian; question for jury was what role religion played in employee's discharge); <u>Shapolia v. Los Alamos Nat'l Lab.</u>, 992 F.2d 1033 (10th Cir. 1993) (employer was an avowed Mormon; question for trier of fact was whether religion motivated the employment decision).

§ 1605.1—i.e., circumstances in which an individual seeks to have his own beliefs recognized and protected. EEOC guidelines cannot create subject matter jurisdiction or state a cognizable legal claim where, as here, neither jurisdiction nor claim exists.

Nor does plaintiff help himself by referring generally to the "dynamic" nature of religions. Pl.'s Opp'n 9-10. He notes that new religions emerge, and the state must find ways to deal with them. Id. True. But religion necessarily involves a party's profession of faith. See *Meyers, 95 F.3d at 1482* (under the Religious Freedom Restoration Act, plaintiff must prove, inter alia, that his own beliefs are sincerely held). Here, *no* party professes to follow Landmark Education as a religion.

**B.     The fundamental principles of the Religion Clauses and long-standing precedent require dismissal.**

Plaintiff argues that the Religion Clause cases—particularly the ecclesiastical ruling and ministerial exception cases—are not on all fours with this case. Pl.'s Opp'n 12-14. Defendants agree. But the reason there is no precedent on all fours is because plaintiff's request is so novel and obviously misplaced. Long-standing Supreme Court and lower court case law has given meaning to the U.S. Constitution's Religion Clauses. That precedent makes plaintiff's claim constitutionally impermissible.

The Supreme Court has repeatedly stated that "[u]nder the Religion Clauses, the government must guard against activity that impinges on religious freedom, and must take pains not to compel people to act in the name of any religion." *Estate of Thornton v. Caldor Inc.*, 472 U.S. 703, 708 (1985). "The First Amendment's Religion Clauses mean that religious beliefs and religious expression are too precious to be either proscribed or prescribed by the State. The design of the Constitution is that preservation and transmission of religious beliefs and worship is a responsibility and a choice committed to the private sphere, which itself is promised freedom to pursue that mission." *Lee v. Weisman*, 505 U.S.

577, 589 (1992); *see also* <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 612-13 (1971) (government action must not foster "an excessive government entanglement with religion") (internal quotations and citation omitted).

The relief that plaintiff seeks would run afoul of these basic principles. Rather than allowing Ms. Young freedom to choose her own religion and identify herself with such, plaintiffs would have this Court (a) declare Landmark Education—a for-profit company that provides personal and corporate training and development courses, *see* Defs.' Mem. Supp. Mot. to Dismiss 3-5—to be a religion, and (b) hold that Ms. Young adheres to that religion without regard to—indeed, despite—Ms. Young's own views about her faith.

Although this is a case of first impression, the same logic that led courts to conclude that they lacked jurisdiction over other religious disputes, *see, e.g.*, <u>Bible Way Church of Our Lord Jesus Christ of Apolistic Faith of Wash. D.C. v. Beards</u>, 680 A.2d 419 (D.C. 1996), applies to plaintiff's extraordinary request here. As discussed in Defendants' Memorandum Supporting Motion to Dismiss on pages 8-10, just as courts have recognized that they lack jurisdiction to decide cases where their involvement would impermissibly interfere with church doctrine, they also lack jurisdiction to decide cases where, as here, the requested relief would violate the First Amendment by judicially establishing a religion, creating doctrine, and foisting it on an individual. Courts cannot adjudicate matters where the act of adjudication itself would run afoul of the Religion Clauses.

Because the fundamental principles of the Constitution's Religion Clauses do not support his position, plaintiff sets up a series of straw men to evade the central issue of the case. First, defendants do not contend that an employer can lawfully fire an employee for refusing to follow the employer's religion. *See* Pl.'s Opp'n 1-2. Ms. Young is a Unitarian. Had Mr. Goldman alleged that Ms. Young fired him for failing to practice Unitarianism, he

would plainly have a cause of action. The same would be true if Ms. Young had fired Mr. Goldman because he would not abandon his Jewish faith. But that is not this case.

Second, defendants do not seek "special freedom" for "bosses who follow non-traditional religions." *See* Pl.'s Opp'n 6. Were Ms. Young an avowed member of the Church of Scientology, for example, and had Mr. Goldman claimed that Ms. Young fired him for failing to practice that religion's precepts, again he would have a cause of action. But that too is not this case.

Finally, plaintiff contends that a judicial finding that Ms. Young's "true" religion is Landmark Education, or that Ms. Young adheres to two, rather than multiple religions, would not impair her First Amendment Free Exercise Rights – she would, according to plaintiff, be free to continue to worship one, two or conceivably more religions, as long as she does not discriminate based on any of them. Pl.'s Opp'n 15-16.

Here plaintiff is being disingenuous. First, plaintiff assumes a Court order holding Ms. Young an adherent to a "Landmark Education religion" would not impair her ability to continue to worship as a member of the All Souls Church congregation. Yet the Court would have to make findings of fact on – and resolve - that and other issues related to the interpretation of church doctrine. This is precisely the type of judicial inquiry barred by the First Amendment.

Second, what if following entry of such an order (which presumably would also enjoin future discrimination on the basis of religion) Ms. Young wanted to abandon her Court-denominated "Landmark Education religion" and unequivocally adopt Unitarianism? What would she have to do to prove that she had done so, should that issue come before the Court in the future? Should she attend All Souls Church more frequently? Or put more money into the collection plate on Sunday? Or participate in church outreach programs? *Stated differently, how devout and active a Unitarian would Ms. Young have to be safely to*

*assume the Court would conclude that, as a matter of law, her "true and only religion" was now the Unitarian Church?*

If the Religion Clauses mean nothing else, they reserve as matters of private personal choice an American citizen's religious faith and the manner in which he or she expresses it. The act of interfering with those choices – directly or indirectly – by judicially imposing on a citizen a different or added faith violates the citizen's right to practice his or her religion – or, as the case may be, to practice no religion at all.

The burden to prove subject-matter jurisdiction rests on the plaintiff. See <u>Larsen v. U.S. Navy, 486 F. Supp. 2d 11, 18 (D.D.C. 2007)</u>. Plaintiff has not met his burden under <u>Federal Rule of Civil Procedure 12(b)(1)</u>. And because the relief requested would violate the Religion Clauses, plaintiff has failed to state a claim on which relief can be granted, as required under Rule 12(b)(6). The Court should dismiss the complaint.

C.    **Discovery would not supply subject matter jurisdiction or state a viable claim.**

Plaintiff asks this Court to either ignore Ms. Young's affidavit about her religion and defendants' references to the Landmark Education Web site, or to order discovery "on the nature and teachings of Landmark Education and Defendant Young's observance of those practices and any other faith." Pl.'s Opp'n 7-9. His request in fact underlines the need for dismissal.[3]

Plaintiff does not argue explicitly that Ms. Young has testified falsely that she is a practicing member of All Souls Unitarian Church. Rather, he suggests that this Court may,

---

[3] Based in part on Ms. Young's declaration, plaintiff draws a distinction between "facial" and "factual" jurisdictional challenges under Rule 12(b)(1) (see Pl.'s Opp'n 4-5, 8), but it is a distinction without a difference because of defendants' parallel Rule 12(b)(6) contentions. Under either provision of Rule 12(b), a court may take judicial note of reliable information published on the internet (see Ds.' Opening Br. 12) and "undisputed facts evidenced in the record." <u>Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003)</u>.

after some to-be-determined factual inquiry, conclude that Ms. Young's subjective beliefs about her religion are *mistaken*, and that, for purposes of the District of Columbia Human Rights Act, (a) Ms. Young's "true" faith is Landmark Education, or (b) Ms. Young practices two religions, rather than one.

Contrary to plaintiff's claim, the Court has no jurisdiction to second-guess Ms. Young's beliefs about her faith. As the court in *Sherr* recognized, "the very attempt" to define religion for legal purposes "brings the government exceedingly close to the involvement with ecclesiastical matters against which the First Amendment carefully guards." 672 F. Supp. at 92. While courts can engage in such an inquiry when an individual puts his or her own beliefs at issue, *see, e.g., id.* at 92-97; *Meyers,* 95 F.3d at 1483-84, a plaintiff cannot, consistent with the U.S. Constitution, impel judicial investigation into the nature and sincerity of someone else's beliefs. To force Ms. Young to submit to an inquisition about her beliefs, with the potential outcome of foisting a religion on her, would be unprecedented and contrary to the basic safeguards provided by the Religion Clauses of the U.S. Constitution.

Similarly off the mark are plaintiff's references to the alleged "cult-like" nature of "est" (Landmark Education's predecessor) and his argument that he is entitled to discovery from Landmark Education to support a judicial finding that it is a religion. Pl.'s Opp'n 17-18. Defendants referred to Landmark Education's Web site to show the organization does not regard itself as a religion, a point plaintiff does not dispute. Plaintiff's argument that he has a right to discovery to reveal Landmark Education's "true" status as a religion could apply to any organization whose products or services an employer uses. The number of potentially litigable "non-traditional employer religions" would be limited only by the imagination of plaintiffs and their counsel.

-8-

For example, the FranklinCovey Company, a competitor of Landmark Education, is owned by Steven R. Covey, author of *The Seven Habits of Highly Effective People* and founder of the Covey Leadership Center.[4] FranklinCovey "enable[s] greatness in people and organizations everywhere." *Id.* Like Landmark Education, it sells individual and corporate training and consulting services. The company also sells personal productivity tools like the FranklinCovey daily planner.

Consider an employee who was fired because he refused to attend a mandatory employer-provided FranklinCovey training course, or was put on probation because he refused to use his employer-provided FranklinCovey daily planner. Would these employer actions provide the basis for litigation (and discovery) based solely on employee claims that the FranklinCovey courses and daily planner "had religious characteristics and theological implications"? Mr. Goldman believes that to be the case. But that can't be true, because an alleged right to discovery cannot trump fundamental First Amendment rights.

## II.   CONCLUSION

For the reasons stated, this Court should dismiss the complaint pursuant to Rule 12(b)(1) or Rule 12(b)(6).

---

[4] FranklinCovey Home Page, http://www.franklincovey.com/fc/index.jsp.

February 22, 2008                    Respectfully submitted,

                                              **PERKINS COIE LLP**

By: /s/ Barry J. Reingold
     Barry J. Reingold, Bar No. 942086
     BReingold@perkinscoie.com

     Brian G. Svoboda, Bar No. 540081
     BSvoboda@perkinscoie.com

     607 Fourteenth Street N.W.
     Washington, D.C. 20005
     Telephone: 202.628.6600
     Facsimile: 202.434.1690

     *Attorneys for Defendants*
     TWENTY-FIRST CENTURY
     DEMOCRATS and KELLY YOUNG

## CERTIFICATE OF SERVICE

I hereby certify this 22nd day of February, 2008, that I served a copy of the foregoing Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss via e-mail and electronic service upon the party listed below:

David Wachtel
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, DC 20009
(202) 745-1942

                    Respectfully submitted,

                    **PERKINS COIE LLP**

                    By: /s/ Barry J. Reingold
                        Barry J. Reingold, Bar No. 942086
                    BReingold@perkinscoie.com

                    Brian G. Svoboda, Bar No. 450081
                    BSvoboda@perkinscoie.com

                    607 Fourteenth Street N.W.
                    Washington, D.C. 20005-2011
                    Telephone: 202.628.6600
                    Facsimile: 202.434.1690

                    *Attorneys for Defendants*
                    TWENTY-FIRST CENTURY DEMOCRATS
                    and KELLY YOUNG

17928-0006/LEGAL 13913837.1