UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH GOLDMAN, </br></br>           Plaintiff, </br></br>   v. </br></br> TWENTY-FIRST CENTURY DEMOCRATS *et al.,* </br></br>           Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )  Civil Action No. 1:07-cv-02103-PLF </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S SUR-REPLY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I. INTRODUCTION

Plaintiff, Kenneth Goldman, by counsel, files this sur-reply to rebut two points mentioned for the first time in Defendants' Reply Brief.

II. ARGUMENT

    A.    Defendants Motion to Dismiss did not assert that Plaintiff failed to adequately plead religious discrimination.

In a footnote in their reply brief, Defendants assert that they have challenged the sufficiency of Plaintiff's pleading of the facts of his case and in particular his allegation that the teachings of Landmark Education LLC, as followed by Defendants, fit the legal definition of religious beliefs.[1]   But Defendants cite only to the recital of facts in their Memorandum of Points

---

[1] Docket No. 7, Defendants' Reply Mem. Of Law in Support of Their Motion to Dismiss ("Reply Brief") at n.1.

& Authorities, not to their argument.[2]  The omission is not an oversight:  Defendants did not argue in their Main Brief that Plaintiff failed to plead that Landmark is a religion.[3]  The only 12(b)(6) argument Defendants made is that because the Complaint fails to state a claim because it requires the Court to recognize that Defendants' practices were religious.  Defenses must be raised by responsive pleadings or motions.[4]  A motion must be supported by specific points of law and authority.[5]  Defendants' motion does not set out points of law or legal authority addressing the sufficiency of the pleadings that assert that Landmark teachings, as followed by Defendants, amounted to religion.  Therefore, they have not raised the argument.

> B.   Because there is no substantial legal basis for Defendants' position, Section 1292(b) certification is not appropriate.

Defendants assert that if the Court rules against them, it should certify this case for immediate appeal under 28 U.S.C. Section 1292(b).  Section 1292(b) certification is only appropriate in truly exceptional circumstances, when there is substantial basis for disagreement with the court's ruling.[6]  "Substantial basis" means that there is support in existing case law for the moving party's position.[7]

---

[2]   *Id. citing* Docket No. 4, Mem. of Points & Authorities in Support of Defendants' Motion to Dismiss at 3 ("Def. Mem. Of P&A").

[3]   Def. Mem. Of P&A at 12-14.

[4]   Fed. R. Civ. P. 12(b).

[5]   Local Civil Rule 7(a), U.S. District Court for the District of Columbia.

[6]   *See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 233 F.Supp.2d 16, 20 (D.D.C. 2002).

[7]   *Id.* at 24.

Rather than identifying substantial support for their position in existing case law, Defendants acknowledge in the Reply Brief that the cases from the two lines of authority cited in their Main Brief – abstention from ruling on ecclesiastical doctrine and the ministerial exception – are inapposite.[8] They assert that this is a case of first impression.[9] Since there is no substantial basis for Defendants' position, Section 1292(b) certification is not appropriate.

Incidentally, Defendants' motion does not actually raise a case of first impression. The basis for denial of the motion stems from three well-established legal principles. The first two principles Defendants do not dispute: that the laws against religious discrimination protect an employee from an employer that would impose its religion, and that the laws against religious discrimination apply to all religions.

The third principle, which dictates the denial of the motion to dismiss, is that the government may, and often must, recognize religions in order to carry out governmental functions.[10] Defendants argue that for the Court to recognize their Landmark beliefs as religious would violate both the Establishment and Free Exercise Clauses. That is incorrect.

The Establishment Clause analysis is straightforward – if a governmental action would unconstitutionally establish a religion, a court cannot allow it regardless of who has asked the court to condone such an action. The identity of the party seeking the ruling does not matter.

The Free Exercise clause analysis is only slightly more complicated. Defendants acknowledge that the courts can rule on cases in which a party specifically asks the court to

---

[8] Reply Brief at 3.

[9] *Id.* at 1.

[10] *See* Docket No. 7, Plaintiff's Memorandum of Points & Authorities in Opposition to Motion to Dismiss at 9-12.

recognize its practices as religious.[11]  But the courts' power to rule means that the courts can rule either way; courts can reject an individual's assertion that his beliefs are religious, even when such a ruling will have serious adverse consequences for that person.  For example, if the Supreme Court had not recognized defendant *Seeger*'s and defendant *Welsh*'s beliefs as religious, they both would have been conscripted.[12]  By the reasoning of the Defendants in the present case, by making such a ruling, the Supreme Court would have been telling the conscientious objectors what to believe, or how to express their beliefs, so that they could avoid the draft.[13]  Telling an individual what to believe would impinge on Free Exercise, but the Court repeatedly held that it could decide whether beliefs were sufficiently religious to warrant exemption from selective service.[14]  In an example of a ruling against the individual asserting religious beliefs, a New York District Court ruled that one set of parents did not evidence sufficiently sincere beliefs because, among other things, they were not clear on the name of the religious body they had joined.[15]  As a result, their children did not enjoy the religious exemption from a mandatory vaccination program. By the reasoning of the Defendants in the present case, that district court was ordering the losing defendant to become more involved in a religious group, so that he could raise his suit again and avoid further vaccinations.

---

[11]  Reply Brief at 2.

[12]  *United States v. Seeger*, 380 U.S. 163 (1965); *Welsh v. United States*, 398 U.S. 333 (1970).

[13]  See Reply Brief at 5 ("Should she attend All Souls more frequently? Or put more money in the collection plate on Sunday?").

[14]  *Welsh*, 398 U.S. at 338 ("we faced the more serious problem of determining which beliefs were 'religious' within the meaning of the statute") (plurality).

[15]  *Sherr v. Northport-East Northport Union Free School Dist.*, 672 F.Supp. 81, 96 (E.D.N.Y. 1987).

But in reality, the courts in *Seeger, Welsh*, *Sherr* and many other cases have ruled on whether to recognize beliefs as religious because such rulings do not not unduly infringe on any party's Free Exercise rights.  In terms of this case, Plaintiff Goldman is not asking the Court to tell Defendants Young and Twenty-First Century Democrats what to believe or how to follow those beliefs.  He is only asking that the Court recognize that those beliefs are religious, so he can be made whole for Defendants' firing him for refusing to conform to their beliefs.

III.  CONCLUSION

For the reasons stated above, and in Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss, the Court should deny the motion.

Respectfully submitted,

/s/ David Wachtel

_____
David Wachtel  DC Bar # 427890
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009
(202) 745-1942
(202) 745-2627 (fax)
wachtel@bernabeipllc.com

Attorney for Kenneth Goldman